IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAWN LAMONT FRANKLIN, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00245 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| NAPH CARE INC., et al., ) | Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Shawn Lamont Franklin, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Naph Care Inc. ("Naph Care"), the Roanoke City Jail ("the Jail"), S. Walsh, and the Roanoke City Sheriff's Department ("the Sheriff's Department"). The case is now before the court for review under 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

**I.   Background**

This case stems from Franklin's possible exposure to hepatitis A while incarcerated at the Jail. Franklin alleges that he submitted a medical request for a "hepatis shot" on March 3, 2022, but did not receive the shot in a timely manner. Compl., ECF No. 1, at 3. Over a month later, on April 13, 2022, Franklin and other inmates were "placed on medical quarantine" and advised that they "may have or may not have been exposed to hepatitis A." Id.

Franklin alleges that "S. Walsh of Naph Care" informed the inmates of their possible exposure to the virus. Id. When other inmates attempted to ask questions regarding the situation, Walsh advised them that she could not provide specific information. Id. She told the

inmates that the Virginia Department of Health ("VDH") would be visiting the Jail and that the inmates should "wash [their] hands." Id.

"Another week" later, VDH officials came to the Jail to provide vaccines to the Jail's inmates. Id. at 4. Franklin told Walsh that he was in the process of fasting for Ramadan, which was why he requested to receive the vaccine in March. Id. Walsh informed Franklin that he would be required to sign a form if he did not want to receive the vaccine. Id. Franklin claims that "there should have been testing done" to determine whether he "should be taking a vaccine in the midst of [his] Ramadan fast" and that his "suit is for this malfunction." Id.

Franklin seeks to have the Sheriff's Department and Naph Care "be responsible for others as they would themselves or their love[d] ones . . . ." Id. He also wants Walsh "to do her job as a person of health to push more for her providers to give her a faster response or for her to do it herself." Id. Franklin emphasizes that the health of inmates is "just as important as those that are not in [his] position." Id.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); see also 42 U.S.C. § 1997e(c) (requiring the same review in any § 1983 action filed by an inmate "with respect to prison conditions") On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see also 42 U.S.C. § 1997e(c)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

2

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, a pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.   Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Franklin's complaint fails to state a plausible claim for relief under § 1983 against any of the named defendants.

It is well settled that a local jail is not a "person" subject to liability under § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that local jails in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). The same is true for the Roanoke City Sheriff's Department. See Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) (holding that the "Office of Sheriff" was not an entity amenable to suit under § 1983); see also Hardee v. City of Norfolk, No. 3:20-

3

cv-00558, 2021 U.S. Dist. LEXIS 113860, at *5 (E.D. Va. June 17, 2021) ("[Plaintiff] names the Norfolk City Jail, the Norfolk Sheriff's Office, and the Office of the Norfolk Commonwealth's Attorney. These entities are not persons that can be sued under § 1983."). Thus, neither the Jail nor the Sheriff's Department is a proper defendant in this action.

Although a private corporation can be a proper defendant in a § 1983 action, the complaint does not state a viable claim for relief against Naph Care. The United States Court of Appeals for the Fourth Circuit has held that "a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Here, Franklin does not allege that he suffered a deprivation of his federal constitutional rights as a result of an official policy or custom of Naph Care. Nor does he "plead[] factual content that allows the court to draw the reasonable inference" that an official policy or custom contributed to the deprivation of a federal constitutional right. Iqbal, 556 U.S. at 678. Accordingly, the complaint fails to state a claim against Naph Care.

The only other defendant named in the complaint is S. Walsh. The court construes Franklin's allegations against Walsh to assert a claim under the Eighth Amendment, which protects inmates from cruel and unusual living conditions. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To plead such a claim, a plaintiff must allege facts sufficient to demonstrate (1) that "the deprivation alleged [was], objectively, sufficiently serious," and (2) that the defendant "acted with deliberate indifference." Porter v. Clarke, 923 F.3d 348, 355, 361 (4th Cir. 2019) (internal quotation marks and citations omitted). To satisfy the objective component, a plaintiff "must allege a serious or significant physical or emotional injury

4

resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the [plaintiff's] exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citations omitted). To satisfy the subjective component, a plaintiff must allege facts sufficient to demonstrate that the defendant actually knew of and disregarded an objectively serious condition, medical need, or risk of harm. Id. This is an "exacting standard," which is not met by "mere negligence." Jackson, 775 F.3d at 178.

Applying these principles, the court concludes that Franklin's complaint fails to state a claim against Walsh. Even assuming that his possible exposure to hepatitis A satisfies the objective component of an Eighth Amendment claim, he does not plausibly allege that Walsh actually knew of and disregarded a serious condition or risk of harm, as required to meet the subjective component. Franklin's own allegations indicate that Walsh informed Franklin and other inmates that they may have been exposed to the virus, that she advised the inmates to wash their hands, and that she communicated with the VDH, which had personnel come to the Jail to provide vaccines to inmates. To the extent Franklin suggests that Walsh should have conducted testing to determine whether he should be vaccinated while fasting, his allegations in this regard would, at most, support a claim for negligence or medical malpractice. They do not meet the "exacting standard" of deliberate indifference. Jackson, 775 F.3d at 178; see also Crowson v. Wash. Cnty. State of Utah, 983 F.3d 1166, 1183 (10th Cir. 2020) (noting that the "failure to obtain a blood test would be at most medical malpractice"); Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006) (explaining that "medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference").

5

### IV. Conclusion

For the foregoing reasons, the court concludes that Franklin's complaint is subject to dismissal for failure to state a claim against the named defendants. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses.* An appropriate order will be entered.

Entered: August 4, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.08.04 09:02:08 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

* This action is one of two actions arising from Franklin's possible exposure to hepatitis A in which he names Naph Care and Walsh as defendants. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)). Thus, if Franklin elects to file an amended complaint against Naph Care or Walsh, he may do so in this action or in Franklin v. Naph Care Inc., 7:22-cv-00237. He may not pursue two actions against these defendants based on the same facts.